IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES P. LANCASTER                                                          PLAINTIFF

v.                                    No. 4:21-cv-755-DPM

EDWARD ADCOCK; STARK LIGON,
Director, Office of Professional Conduct;
CHARLES D. HANCOCK; CATHLEEN
COMPTON, Judge; BRYCE BREWER;
MIKE LANCASTER                                                             DEFENDANTS

## ORDER

1. Lancaster's application to proceed *in forma pauperis*, Doc. 1, is granted. He reports no income.

2. The Court must screen his complaint. 28 U.S.C. § 1915(e)(2). Lancaster says defendants "potentially violated the Mandatory Victims Restitution Act of 1996, by potentially violating a Fair Labor Standards" and mentions the Americans with Disability Act. He says the FLSA covers domestic service employment and notes that he covered the expense of this kind of care for his brother for 42 hours a week. He also refers to fraud, alleging the defendants willfully sought "felony retaliation" and filed false statements in court. As best the Court can tell, Lancaster appears to argue that he should be compensated under the MVRA for the expenses he incurred by hiring a caretaker.

The Court's rules require a short and plain statement of facts that show a plausible violation of some particular law. FED. R. CIV. P. 8(a); 28 U.S.C. § 1915(e)(2)(B)(ii). Lancaster has not carried this burden. He does not explain how the FLSA is applicable to either him or the defendants. His suggestions that the defendants acted criminally, or at least unethically, are not supported by any facts. Lancaster does no more than mention the ADA. And, while the MVRA requires defendants to pay restitution to victims for "pecuniary loss," none of the defendants have been convicted of a crime against Lancaster. 18 U.S.C. § 3663A. The Court will dismiss the case without prejudice for failure to state a claim.

So Ordered.

*N. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 October 2021